**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 97-60591

(Summary Calendar)
_____


ERNEST C. DAVIS,

                              Plaintiff-Appellant,

versus


CARLTON PRESS CORP; MICHELLE WEBER, President,
Carlton Press, Cor., 11 West 32nd Street, New
York, NY,


                              Defendants-Appellees.


Appeal from the United States District Court
For the Northern District of Mississippi
USDC No. 2: 96-CV-144-D

June 29, 1998

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Ernest C. Davis, proceeding *pro se*, appeals from the district court's dismissal of his complaint pursuant to FED. R. CIV. P. 4(m) for failure to effect service on the defendants, Carlton Press Corporation ("Carlton Press") and Michelle Weber (collectively "Carlton").  We review the district court's decision to dismiss for

---

[*]     Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failure to effect timely service only for an abuse of discretion. *See Peters v. United States*, 9 F.3d 344, 345 (5th Cir. 1993).

Under the district court's order issued March 6, 1997, Davis had until May 5, 1997, to effect service of process. On April 30, 1997, Davis submitted a letter to the district court requesting that service of process be made on Carlton Press through its agent, Michael E. Schoeman, at an address Davis had obtained from the New York Department of State. Schoeman acknowledged receipt of process in a letter to Davis dated May 14, 1997.

Davis submitted Schoeman's May 14th letter to the district court in a pleading titled "Motion for Judgment." In August 1997, the district court responded by dismissing Davis' complaint *sua sponte*, indicating that "plaintiff has still not yet properly effectuated service of process upon the defendants." Because the record is clear that Davis had in fact effected service by the date of the district court's dismissal, we find the dismissal to be an abuse of discretion. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405, 110 S. Ct. 2447, 2461, 110 L. Ed. 2d 359 (1990) ("A district court would necessarily abuse its discretion if it based its ruling on . . . a clearly erroneous assessment of the evidence."); *Dawson v. United States*, 68 F.3d 886, 895-96 (5th Cir. 1995) (same). We therefore vacate the district court's dismissal of Davis' suit and remand for further proceedings consistent with this opinion.

Further factual development may indicate that Davis did not effect service before the district court's original deadline of May

5, 1997, and had no good cause for failing to do so.  Under these circumstances, the district court may consider reinstating its dismissal.

VACATED and REMANDED.